**NOT FOR PUBLICATION**

OCT 22 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE GRACIANO-CALDERON, AKA Jorge Craciano-Calderon, | No. 12-73059 |
| Petitioner, | Agency No. A200-886-214 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Jorge Graciano-Calderon, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision finding him ineligible for relief from

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, and for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005). We review de novo questions of law, including due process claims. *Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Graciano-Calderon did not file an application for asylum, testified he was not afraid to be removed to Mexico, and the IJ found he waived his right to apply for asylum, withholding of removal and protection under the Convention Against Torture. In these circumstances, the BIA did not abuse its discretion in declining to remand to allow Graciano-Calderon to apply for these forms of relief. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("defer[ring] to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law" ).

We reject Graciano-Calderon's request that the court remand his petition to the immigration judge for further review as to his adjustment of status claim.

We lack jurisdiction to consider challenges to the discretionary denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005). Thus, we dismiss the petition to the extent that Graciano-Calderon challenges the agency's discretionary denial of cancellation of removal.

12-73059

Finally, the record supports the BIA's determination that Graciano-Calderon's removal hearings were fundamentally fair and that he was provided with a reasonable opportunity to present his claims. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). Thus, we reject Graciano-Calderon's due process contentions.

For the foregoing reasons, the agency's determination that Graciano-Calderon did not establish eligibility for relief from removal is supported.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**